Tins Court
were clearly of opinion that the plaintiff -was entitled to recover. By the submission, under a rule of court, of an action pending, the party recovering doubtless has his remedy against the body and estate of his debtor upon the execution ; the demand passes into judgment, and satisfaction may be obtained as in other cases. The plaintiff has pursued that remedy in this case, and has either the body in execution or a bond in his possession which was made to the sheriff for the liberty of the prison-yard in lieu of the body.
Having the body in execution, he is not entitled to another execution on the same judgment, that he may take the defendant’s estate ;[1] nor can he maintain debt on the same judgment, because the body is deemed in law satisfaction.
*82 But still the debt is not yet paid. The body is not valuable satisfaction. At the time this obligation was entered into, it was lawful and binding. The defendant, with a surety, stipulates that he will forfeit a certain sum if he do not pay what shall be awarded against him, or that he will pay that sum, whatever it may be. This bond was probably the inducement for the plaintiff to enter into the submission; he might have attachment, or bail, which would be lost by the submission; or he might wish to secure interest from the time of judgment till satisfaction made. If this bond was good against Leavit, the surety, it must also be good against Hobbes, the principal. The bond certainly did not become void by the report made, accepted, a judgment rendered on it, or execution issued. (It was forfeited by the non-payment on demand, i. e. by the commencement of this suit, which was before Hobbes was committed.) (a)
Suppose this were the plea of Leavit (and if it would not avail Leavit, it will not avail Hobbes). The amount of it is : “ I engaged to pay the award of referees. I have not paid it; you have not received it; but you have the body of Hobbes in execution.” This is no satisfaction. Nothing will discharge Leavit but actual payment, or, perhaps, consent to release Hobbes’s body, which presumes payment.[1]
The rule that taking the body is a satisfaction extends- only to the same person in the same suit or judgment. Esp. 196 ; 1 T. R. 557.
*83 If the debtor die in execution, this is no defence by the representative of such debtor; it is no payment. Where there are two debtors, and, if you please, one a mere surety, taking the principal in execution will be no discharge of the surety.
Where several persons are liable for the same debt to the same person, as in the case of drawer, acceptor, indorser of bill of exchange, taking one in execution is no discharge of the others. So here, if we consider the sum to be recovered on this bond as precisely the same as that for which Hobbes’s body is in execution, this is no discharge of Leavit, and consequently no discharge of Hobbes.
But this case does not come within the rule, because this suit is not brought for the same cause. If the contents of the execution had been paid before the commencement of this suit, still, upon demand for the sum awarded, the bond was forfeited, and the plaintiff entitled at least to interest for the delay.[1] This is not a suit on the award. If it were, it would not then come within the rule as it respects Leavit, supposing the award to be joint and several against both. This suit is on a bond which was taken as a collateral or supplementary security. It does not destroy the judgment, even if nothing more could be recovered in this action than the amount of the judgment rendered on the report. And the judgment does not destroy the bond. The same person may give two securities for the same debt, (a) In rendering judgment on this bond, no notice can be taken of the judgment except to prove the debt, the amount. Payment will avail, but the body being in execution is not payment as it respects Leavit, and therefore not payment as it inspects Hobbes; and because this is *84 not precisely the same cause of action, and is not a suit simply to enforce the same judgment, it comprehends something more.
If the party attempts to enforce payment of any thing more than this judgment, an audita querela will lie. But it is sufficient for the present to say that there has been no such satisfaction as saves the forfeiture of the bond declared on. (a)
Judgment for plaintiff for penalty, and execution for amount of award with interest. (b) , [1]

 The creditor may now, by statute, have a further execution against the property of his debtor, while he has the debtor’s body under arrest for the same debt. Gen. Laws, c. 235, § 11. But he cannot take the property upon the same execution upon which the body has been imprisoned. Morrison v. Morrison, 1869, 49 N. H. 69.

 Harris v. Clap, 1 Mass. 308, shows that judgment on a report does not vacate the bond to abide the award of referees. There the suit was on the bond; but the case differs from this, inasmuch as no execution appears to have issued, and the surety was alive and a defendant.
A bond may be given for the payment of a judgment. Here the bond was given for what might be adjudged.

 At common law the discharge of a debtor from imprisonment on execution, with the assent of the creditor, operated to discharge the judgment. Bunker v. Hodgdon, 1834, 7 N. H. 263. Aliter by statute. Gen. Laws, c. 225, § 11; Abbott v. Osgood, 1859, 38 N. H. 280.

 But it is a rule that a plaintiff cannot recover a double satisfaction. 2 T. It. 483. How would it be in case of bond to abide an award (not made by rule of court), and suit on the award, and debtor committed, and then suit on the bond ? Would such action lie, and would not commitment be satisfaction quoad plaintiff ?

 At that time, interest on a judgment could not be collected on an execution. French v. Eaton, 1844, 15 N. H. 337. This is now changed by statute. Gen. Laws, c. 235, § 10.

 If this were to be considered as a suit on the judgment, or perhaps same cause of action, and Hobbes sole obligor in the bond, then the matter set forth in the plea would be a good bar.
See Reid v. Hobbes [Rockingham, September Term, 1804], 9 Manuscript Reports, 145 [where the bond given by Hobbes to the sheriff for the liberty of the jail-yard was held void].

 See 2 Tidd, 761, 762; 5 G. Bacon, 166.
1. A person cannot recover a double satisfaction for the same cause of action. 2 T. R. 483.
Judgment recovered in one form of action, there cannot afterwards be a recovery for the same cause of action. If the party may sue in debt or covenant, trover or money had and received, trespass or trover, &c.: if he recover judgment in debt, he shall not sue in covenant, &c. There is no reason why courts should be employed so uselessly, or that the party should be harassed with a second suit for what has been accomplished in a former one. Cowp. 129, 147.
2. But if there are two securities for the same cause, they may be ■both prosecuted to judgment and execution, as a bond and mortgage. But there can be but one satisfaction. Actual payment of the debt discharges the mortgage. 5 G. Bacon, 166. (Quaere, of taking the body in execution.)
3. If several persons are liable for the same cause of action, the policy of the law requires that there should be but one suit; but oftentimes there may be more than one ; but there can be but one satisfaction. Where they are sued jointly, or where they are sued severally, nothing but actual payment can avail. A suit pending, judgment, execution, and body in prison, will not avail the other defendants or debtors. If one of the *85 debtors lias been in execution and discharged by creditor, this is equivalent to actual payment; the law presumes payment.
4. It there bo but one debtor, and his body is in execution, the law will not permit the creditor to take his estate; this, it is thought, would he oppressive. Therefore there can be no alias execution, nor debt maintained on the judgment. And, as this is not permitted, it would seem that there being two securities would not alter the case, if both for the same thing.
But the body in execution is not considered as payment; because, if the party die, his representatives are liable; and, if he swear out, his estate is liable.
5. If cause of action be in any respect different, the rule does not apply.

 “First, I agree clearly that it is not an actual satisfaction, no not between the parties, according to Hillary’s Case, 33 H. YI. 47, where one was bound to satisfy for goods that he had embezzled, and, in debt upon an obligation, he pleaded that, upon a suit for those goods, he was taken in *85 execution for the damage, and it was adjudged no plea. But this is nothing to the case in question; for without doubt it is no satisfaction to common speech, nor to a foreign plea.” Foster v. Jackson, Hob. 52 a, 59. “A foreign plea may be defined to be where the question is made between the same parties in another case, or between the creditor and a third party bound to pay the same debt; and generally, whore, by the pleadings, the question of satisfaction by the arrest under the ca. sa. comes in collaterally, llillearie’s case is an illustration of it. A bond was given for a judgment, and the party, on being sued on the bond, pleaded that he was then in jail under the judgment: it was held to be no satisfaction.” O’Neaijl,, J., in Mazyck v. Coil, 1832, 3 Rich. (S. C.) L. 235, 237.
“ . . . Ho collateral security is waived or lost by the mere legal operation and effect of committing- the debtor to prison.” Metcalf, J., in Twining v. Foot, 1850, 5 Cush. 512, 515. And see Freeman on Executions, § 402.
A mortgagee, or pledgee, who has taken the body of the debtor in execution for the debt, is nevertheless entitled to the benefit of his collateral security. Tappan v. Evans, 1840, 11 N. H. 311; Morse v. Woods, 1830, 5 N. H. 297; Davis v. Battine, 1830, 2 Russ. & M. 76; Hamilton v. Bredeman, 1860, 12 Rich. (S. C.) L. 464.
Taking the body of a judgment debtor in execution does not discharge a surety in a bond given to dissolve an attachment: Murray v. Shearer, 1851, 7 Cush. 333; Moore v. Loring, 1871, 106 Mass. 455 (and see Tracy v. Preble, 1875, 117 Mass. 4); nor a surety in a recognizance conditioned to pay debt and costs unless the judgment debtor pay in nine months: Sharpe v. Speckenagle, 1817, 3 Serg. & R. 463; nor is a surety in a bond for the prosecution of a civil action exonerated by the imprisonment of the principal on execution for the costs : County Treasurer v. Bissel, 1783, 1 Root (Conn.), 85 ; nor is one who has been charged as trustee of a debtor discharged by the subsequent commitment of the debtor in execution: *86 Cheney v. Whitely, 1852, 9 Cush. 289. And the liability oí a receiptor for goods attached is not discharged by the subsequent commitment of the debtor on the execution; or by the bringing of a suit, and the recovery of a judgment therein, by the creditor against the debtor and his surety, for an escape, on a bond given by them for the prison limits. Twining v. Foot, 1850, 7 Cush. 512; Winch v. Wright, reported post.
In New York, however, there are decisions in the opposite direction. The present imprisonment of the debtor on execution is there held a bar, both for principal and surety, to an action on a bond, given to stay execution for ninety days, and conditioned for the payment of the judgment before or at the expiration of ninety days : Sunderland v. Loder, 1830, 5 Wend. 58; and so of an action on a note given by the debtor and surety as collateral security for payment of the judgment: Wakeman v. Lyon, 1832, 9 Wend. 241; nor can an action be maintained during the imprisonment of the debtor against the sureties on a bond given upon removal of action to another court, conditioned to pay plaintiff the amount of any judgment he may recover: Koenig v. Steckel, 1874, 58 N. Y. 475.
(As to whether a judgment creditor can in any manner avail himself of his judgment by way of set-off while he has the debtor’s body in execution, compare Thompson v. Parish, 1859, 5 C. B. n. s. 685; Taylor v. Waters, 56 Geo. III. 5 M. & S. 103; Simpson v. Hanley, 53 Geo. III. 1 M. & S. 696; Peacock v. Jeffery, 1809, 1 Taunt. 426; Cooper v. Bigelow, 1823, 1 Cow. 56; Utica Ins. Co. v. Power, 1832, 3 Paige, Ch. 365.)
That the bond was a new and different cause of action, distinct from the plaintiff’s original suit which was submitted to the arbitrators, and was a contract separate from and additional to the submission, see Hooper v. Cox, 1875, 117 Mass. 1, Morton, J., 3; Hubbell v. Bissell, 1860, 15 Gray, 551, Hoar, J., 553.